UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| PARIKSHIT GAIKWAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 25-13596-BEM |
| | ) | |
| AMBER HANSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**MURPHY, J.**

Defendant Amber Hanson moves to dismiss, or in the alternative, transfer, the claims brought against her by Plaintiff Parikshit Gaikwad.  For the reasons below, the Court will grant the motion and transfer this case to the Middle District of Florida.

I.    **Background**

A.    **Factual Background**

Plaintiff alleges that, after he ended his romantic relationship with Defendant, she began a campaign of harassment against him.  Dkt. 1-1 ("Complaint" or "Compl.") ¶¶ 22–33.  In response to this alleged ongoing harassment, Plaintiff filed suit in Middlesex Superior Court in November 2023, bringing claims for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress.[1]  *Id.* ¶ 34.  Plaintiff alleges that Defendant's harassment

---

[1] The Complaint states that the state court case was filed in 2022, but the docket shows that it was filed in 2023.  *See Gaikwad v. Hanson*, No. 2381CV03289, Dkt. 1 (Mass. Super. Ct. Nov. 27, 2023); *see also United States v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005) (permitting courts to take judicial notice of the dockets of other courts). The state court case is still pending.

of him escalated as a result, with the goal of forcing him to end the suit. *Id.* ¶ 35. To that end, Plaintiff alleges that Defendant sent herself threatening text messages, which she fabricated to appear as though they came from Plaintiff. *Id.* ¶ 37. Defendant then used these messages to file a police report and seek an ex parte restraining order against Plaintiff in Florida state court. *Id.* ¶¶ 38–40. After being served with the restraining order in Massachusetts, Plaintiff flew to Florida to defend himself at the hearing. *Id.* ¶¶ 40–42. In Florida, Plaintiff was arrested, charged with felony harassment, and spent two days in prison; shortly thereafter, the charges were dismissed. *Id.* ¶¶ 43–49. Plaintiff alleges that these actions left him traumatized and suffering from severe emotional distress, which continues to the present. *Id.* ¶ 50.[2]

### B.  Procedural Background

On November 3, 2025, Plaintiff filed suit in Middlesex Superior Court, bringing claims for intentional infliction of emotional distress, abuse of process, and malicious prosecution. *See generally* Compl. Defendant timely removed to this Court on November 26, 2025. Dkt. 1. On December 3, 2025, Defendant moved to dismiss or transfer the case for lack of jurisdiction. Dkt. 8; *see also* Dkt. 9 ("Mem."); Dkt. 14 ("Opp."); Dkt. 17 ("Reply"). The Court held a hearing on February 9, 2026, and took the matter under advisement.

## II.  Standard of Review

"When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). "That

---

[2] Defendant was subsequently arrested in Florida and charged with seven felonies, to which she pled guilty. *Id.* ¶¶ 53, 61–63; *see also State of Florida v. Hanson*, No. 25-CF-001369-A, Dkt. 98 (Fla. Cir. Ct. Oct. 6, 2025) (judgment and sentence); *see also Hanson*, No. 25-CF-001369-A, Dkt. 87 (Fla. Cir. Ct. Sept. 24, 2025) (court data sheet from hearing with sentence details).

2

approach asks only whether the plaintiff has proffered facts that, if credited, would support all facts essential to personal jurisdiction." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022) (cleaned up). "It is [the plaintiff's] burden to proffer evidence 'sufficient to support findings of all facts essential to personal jurisdiction,' and to do so without relying on unsupported allegations." *LP Sols. LLC v. Duchossois*, 907 F.3d 95, 102 (1st Cir. 2018) (quoting *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016)).

Generally, the Court "must accept [the plaintiff's] properly documented evidentiary proffers as true and construe them in the light most favorable to [the plaintiff's] jurisdictional claim." *A Corp.*, 812 F.3d at 58. A plaintiff may not "rely on unsupported allegations in [its] pleadings." *Id.* (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)). "Rather, [the plaintiff] must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists." *Id.* (quoting *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145–46 (1st Cir. 1995)). In considering a motion to dismiss for lack of personal jurisdiction, courts may consider an affidavit "made by a person who . . . has adequate knowledge of the situation." *Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 55 (1st Cir. 2020).

### III.    <u>Jurisdiction</u>

"Specific jurisdiction is claim-specific and requires that the defendant's forum-related conduct gave rise to the plaintiff's claims."[3] *Old Republic Nat'l Title Ins. Co. v. Simmons Bank*, 2025 WL 1737155, at *4 (D. Mass. June 23, 2025). To have specific jurisdiction for claims over which the Court has diversity jurisdiction, "a plaintiff must satisfy both the forum state's long-arm

---

[3] There is no dispute that Defendant is not subject to general jurisdiction in Massachusetts, which requires "a defendant's contacts with the forum state [to be] so 'continuous and systematic' that the [defendant] is essentially 'at home' there." *Old Republic Nat'l Title Ins. Co. v. Simmons Bank*, 2025 WL 1737155, at *3 (D. Mass. June 23, 2025).

3

statute and the Due Process Clause of the Fourteenth Amendment." *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 65 (1st Cir. 2014). Here, the two are not coextensive: the Massachusetts long-arm statute imposes limits upon the exercise of jurisdiction more restrictive than the demands of constitutional due process. *SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324, 325 (2017); *see also Mojtabai v. Mojtabai*, 4 F.4th 77, 85 (1st Cir. 2021) (citing *SCVNGR*, 478 Mass. at 325) (same).

Plaintiff's complaint asserts jurisdiction under section 3(c) of Massachusetts's long-arm statute, *see* Compl. ¶ 4; *see also* Opp. at 6 (arguing jurisdiction under only section 3(c)), which provides for "personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's . . . causing tortious injury by an act or omission in this commonwealth," Mass. Gen. Laws ch. 223A, § 3(c) ("section 3(c)"). Section 3(c) "is intended to apply only when the act [or omission] causing the injury occurs within the Commonwealth." *Hussain v. R.I. Hosp.*, 2019 WL 3546888, at *4 (D. Mass. June 12, 2019) (alterations in original) (quoting *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 664 (1st Cir. 1972)). "To give [§ 3(c)] any broader meaning would render § 3(d) a nullity." *Murphy*, 460 F.2d at 664. Additionally, the Fourteenth Amendment requires that a plaintiff's claims, "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (internal quotation marks omitted). Moreover, a defendant must be found to have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). Finally, the exercise of jurisdiction must be "reasonable." *Id.* at 357 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

4

A.    **Intentional Infliction of Emotional Distress**

Plaintiff argues that he has proffered sufficient facts to show that the Court has personal jurisdiction over Defendant.  The Complaint, however, alleges only Florida-based conduct by Defendant: Defendant allegedly used fabricated evidence and committed perjury in Florida court proceedings, Compl. ¶¶ 37–39, which caused Plaintiff to travel to Florida, *id.* ¶¶ 41–43, where he was arrested and detained, *id.* ¶¶ 43–46, resulting in Plaintiff's severe emotional distress, *id.* ¶¶ 50, 66–68.  This necessarily fails to satisfy section 3(c) of the long-arm statute.  *See Hussain*, 2019 WL 3546888, at *4.

Plaintiff's affidavit, filed alongside his opposition to Defendant's motion to dismiss, adds additional details  that Defendant fabricated evidence *in Massachusetts,* that were not included in the complaint.  Opp. at 2–3; Dkt. 14-2 ¶¶ 4–6.  Specifically, he alleges that Defendant traveled to Massachusetts, to a Starbucks near Plaintiff's house, and sent herself "bogus" text messages from another cell phone so she could report it to the Florida police.  Opp. at 2–3; Dkt. 14-2 ¶ 4.  But this alleged fabrication alone does not suffice to demonstrate that Plaintiff's injury was "caus[ed] . . . by an act" in Massachusetts.  *Cf.* Mass. Gen. Laws ch. 223A, § 3(c).  The focus of Plaintiff's intentional infliction of emotional distress claim is the *use of this evidence*, as well as Defendant's perjury, *in Florida*, which resulted in Plaintiff's arrest and detention.  Compl. ¶¶ 36–44.  In other words, the operative acts for this claim occurred in Florida, when Defendant presented the allegedly fabricated evidence to the police and where Plaintiff was arrested and detained.  Compl. ¶¶ 39–44.  Further supporting the conclusion that the operative acts for this claim are those that occurred in Florida, Plaintiff does not allege that he suffered any injury until the fabricated evidence was used in Florida.  *See id.* ¶ 3 ("Ms. Hanson knew that her actions would lure Mr. Gaikwad from his home in Massachusetts *to Florida* to defend himself against the baseless

charges." (emphasis added)); *id.* ¶¶ 41–46 (alleging that the injury in this case occurred when Plaintiff arrived in Florida to defend himself against a restraining order and instead was arrested, "handcuffed[,] and placed in chains in the courtroom and taken to jail" and forced to spend approximately two days in prison). While the allegations detail misconduct that, if true, certainly warrants redress, Plaintiff has not met his burden to show that his injury was "caus[ed] . . . by an act" in Massachusetts as required by section 3(c) for his intentional infliction of emotional distress claim.[4]

### B.      Abuse of Process and Malicious Prosecution

Generally, service of process in the forum state is sufficient to give that state jurisdiction over an abuse of process claim. *MHA Fin. Corp. v. Varenko Invs. Ltd.*, 583 F. Supp. 2d 173, 179 (D. Mass. 2008). This is because the service of process itself is an "important element" of the claim, *id.* at 178 (citations omitted), so even when contact with the forum state is limited to only the service of process, this is sufficient to confer jurisdiction, *id.* at 179.

Here, Plaintiff's abuse of process claim is based on Defendant's application for a restraining order and related criminal proceedings in Florida. Compl. ¶¶ 69–73; *see also* Opp. at 7. As these proceedings were both initiated in Florida, neither can establish jurisdiction in Massachusetts. At oral argument, Plaintiff argued instead that the service of the temporary restraining order, which occurred in Massachusetts, established jurisdiction in Massachusetts for

---

[4] Concluding the state long-arm statute is not satisfied, the Court need not proceed to the constitutional analysis. *See SCVNGR*, 478 Mass. at 325 ("[C]ourts should consider the long-arm statute first, before approaching the constitutional question."); *see also Azumi LLC v. Lott & Fischer, PL*, 621 F. Supp. 3d 219, 223 (D. Mass. 2022) ("Only if the statutory requirements are satisfied should the court consider whether its exercise of jurisdiction is permitted by the Constitution." (citing *SCVNGR*, 478 Mass. at 325)). But even if the Court were to proceed to the constitutional analysis, the Court would likely conclude that exercising jurisdiction over this claim would not satisfy, at a minimum, the reasonableness prong. *See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 40 (1st Cir. 2016) (describing factors relevant to the reasonableness inquiry).

the abuse of process claim. However, Plaintiff has not alleged that the temporary restraining order constitutes "process" as that term is narrowly defined under Massachusetts law.[5] *See Lu v. Dargie*, 798 F. Supp. 3d 64, 73 (D. Mass. 2025) ("Abuse of process claims are limited to three types of process: writs of attachment, process used to institute a civil action, and process related to bringing criminal charges." (quoting *Kaiser v. Kirchick*, 662 F. Supp. 3d 76, 105 (D. Mass. 2023))). Nor could either party describe the legal procedures that occurred in Florida in this case such that the Court might reach that conclusion on its own. Thus, Plaintiff has likewise failed to meet his burden to show that his service-of-process injury was "caus[ed] . . . by an act" in Massachusetts as required by section 3(c).[6] By extension, Plaintiff has failed to demonstrate that the Court has personal jurisdiction over his malicious prosecution claim, which encompasses a similar (but narrower) set of facts.[7] *See MHA Fin.*, 583 F. Supp. 2d at 181; Compl. ¶¶ 36–44, 74–79.

## IV.  Propriety of Transfer

### A.  Venue

As relevant here, venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "The First Circuit construes this phrase

---

[5] Both parties assume that Massachusetts law governs. *See generally* Mem.; Opp. The Court may thus "forego independent analysis of the choice-of-law issue." *Scottsdale Ins. Co. v. United Rentals (N. Am.), Inc.*, 977 F.3d 69, 72 (1st Cir. 2020) (quoting *Bird v. Centennial Ins. Co.*, 11 F.3d 228, 231 n.5 (1st Cir. 1993)).

[6] Alternatively, Plaintiff has failed to state a claim, for the same reasons, as he has failed to allege service of "process." *See Lu*, 798 F. Supp. 3d at 73.

[7] Unlike abuse of process, service of process does not establish an element of a malicious prosecution claim, and thus Defendant's contacts with Massachusetts via service of the temporary restraining order neither show that acts in Massachusetts caused Plaintiff's injury nor are sufficiently related to the claim to establish jurisdiction. The remaining conduct relevant to the malicious prosecution claim occurred in Florida: Defendant allegedly deceived Florida authorities and Florida courts, and the Plaintiff was arrested and detained in Florida. *See* Compl. ¶¶ 36–44, 74–79. As such, Plaintiff has not shown that his malicious-prosecution injury was "caus[ed] . . . by an act" in Massachusetts as required by section 3(c) or that Defendant had the requisite minimum contacts to establish personal jurisdiction

liberally, looking 'not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim" and taking a "holistic view of the acts underlying the claim,' rather than focusing on the actions of one party." *Lewis v. Hill*, 683 F. Supp. 3d 137, 152 (D. Mass. 2023) (quoting *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 12 (1st Cir. 2009)). In this case, the actions Plaintiff alleges occurred in Massachusetts cannot be said to be a "substantial part the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(2). While Plaintiff alleges that Defendant prepared fabricated evidence while in Massachusetts, the actual use of said evidence to initiate the restraining order and criminal proceedings—the conduct that forms the basis of the present civil claims—occurred entirely in Florida. *See supra* Section III. Therefore, venue is improper in this District.

### B. Transfer

#### 1. Section 1406(a)

Because this Court has concluded it lacks jurisdiction over the action and venue is improper, transfer is governed by 28 U.S.C. § 1406(a) ("section 1406(a)"). *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67 (1962) (holding that the language of section 1406(a) is "amply broad enough to authorize the transfer of cases" when the district court in which the plaintiff filed the case lacks personal jurisdiction over the defendant.); *see also Lewis*, 683 F. Supp. 3d at 152 ("The Supreme Court has held that § 1406(a), which applies where venue is improper, allows for transfer even if the transferor court does not have personal jurisdiction." (citing *Goldlawr*, 369 U.S. at 466)). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Many courts have held that transfer is 'generally preferable to dismissal' and routinely

8

transfer, rather than dismiss cases, in accordance with 28 U.S.C. § 1406(a)." *Krick v. Raytheon Co.*, 695 F. Supp. 3d 202, 219 (D. Mass. 2023) (collecting cases). Plaintiff does not dispute that venue is proper in the Middle District of Florida. The Court concludes that the interests of justice warrant transfer, rather than dismissal, of Plaintiff's claims and thus will transfer the case to the Middle District of Florida.

### 2. Section 1631

If the Court were to conclude that venue was proper in the District of Massachusetts, the Court would still transfer the case to the Middle District of Florida under 28 U.S.C. § 1631 ("section 1631"). "Where there is no jurisdiction, if it is in the 'interest of justice', a court may transfer the case 'to any other such court in which the action . . . could have been brought at the time it was filed or noticed.'" *Ferris v. Darrell*, 2020 WL 4431763, at *10 (D. Mass. July 31, 2020) (quoting 28 U.S.C § 1631).[8] "The First Circuit has interpreted this provision to establish a presumption in favor of transfer—rather than dismissal—when the forum court lacks personal jurisdiction." *TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195, 214 (D. Mass. 2019) (citing *Fed. Home Loan Bank of Bos. v. Moody's Corp.*, 821 F.3d 102, 119 (1st Cir. 2016), *abrogated on other grounds*, *Lightfoot v. Cendant Mortgage Corp.*, 580 U.S. 82 (2017). Finding nothing on the record to rebut the presumption in favor of transfer, transfer to the Middle District of Florida is appropriate under section 1631.

---

[8] Defendant moves for transfer only under sections 1406(a) and 1404(a). Section 1406(a) applies only where venue is improper, *see supra* Section IV.B.1, and section 1404(a) applies only where the court has jurisdiction, *see Ferris*, 2020 WL 4431763, at *10 n.20. As such, where the Court lacks jurisdiction over a defendant but venue is proper, transfer is assessed under section 1631. *Id.*; *see also Narragansett Elec. Co.* v. *U.S. Env't Prot. Agency*, 407 F.3d 1, 8 (1st Cir. 2005) (noting that "a court can *sua sponte* order a transfer even absent a motion from either party").

### 3.   Section 1404(a)

Additionally, even if the Court were to conclude that it had personal jurisdiction over Defendant for each claim and that venue was proper, the Court determines that transfer to the Middle District of Florida would be appropriate under 28 U.S.C. § 1404(a) ("section 1404(a)"). "Under [section] 1404(a), a district court may transfer any civil action to any other district where it may have been brought '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000) (second alteration in original) (quoting 28 U.S.C. § 1404(a)).  Here, the Court finds that venue would have been appropriate in the Middle District of Florida because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).

"The statute is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  Relevant factors include:

> (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively.

*Lewis*, 683 F. Supp. 3d at 152–53.  "Because the doctrine of *forum non conveniens* permits a federal district court to deprive a plaintiff of availing herself of [his] 'home forum' even when []he otherwise would be legally entitled to bring suit in it, the bar for a district court to dismiss a suit pursuant to the doctrine is a high one." *Nandjou v. Marriott Int'l, Inc.*, 985 F.3d 135, 141 (1st Cir. 2021) (emphasis in original) (quoting *Adelson v. Hananel*, 510 F.3d 43, 53 (1st Cir. 2007)).  Here, the conduct at issue in each claim—the alleged perjury, arrest, and detention—all occurred in Florida.  The witnesses and evidence relating to the case are predominantly in Florida.

10

Nor does the pending Massachusetts state court proceeding counsel against transfer. *See* Opp. at 11–12. While involving related conduct, that proceeding involves separate claims.[9] The claims at issue in this case arise from Florida conduct, took place in Florida, and predominantly involve Florida witnesses and documents, and thus would be more efficiently adjudicated in Florida federal court. Therefore, the state court litigation does not create a compelling reason to retain this action in Massachusetts. As such, even if the Court did have jurisdiction over these claims, the Court finds that the interests weigh in favor of transfer.

## V.    **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss or transfer is GRANTED. Plaintiff's complaint is hereby TRANSFERRED to the Middle District of Florida.

**So Ordered.**

/s/ Brian E. Murphy

Brian E. Murphy

Judge, United States District Court

Dated: April 6, 2026

---

[9] *See Gaikwad v. Hanson*, Civil Action No. 2381CV3289 (Mass. Super. Ct. Oct. 30, 2025) (denying motion to amend complaint to add the claims now at issue in this case).